# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRCT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| VELIA SAUCEDO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 22-cv-5452 |
| | ) |
| KENDRICK CARPENTER and | ) |
| MAVERICK TRANSPORTATION, LLC, | ) |
| | ) |
| Defendants, | ) |

## COMPLAINT

Now Comes plaintiff VELIA SAUCEDO, by her attorneys, HETHERINGTON, KARPEL, BOBBER, TEICH & PIPPIN, LLC, and complaining of the defendants, KENDRICK CARPENTER and MAVERICK TRANSPORTATION, LLC, states:

## PARTIES

1. Plaintiff Velia Saucedo ("Saucedo") is an individual who lives in Frankfort, Illinois and is a citizen of Illinois.

2. Defendant Kendrick Carpenter ("Carpenter") is an individual who lives in Indianola, Mississippi and is a citizen of Mississippi.

3. Defendant Maverick Transportation, LLC ("Maverick") is a corporation incorporated in Portage, Indiana with its principal place of business in North Little Rock, Arkansas.

4. At all times relevant to this Complaint defendant Carpenter is and was an employee and agent of defendant Maverick and was acting within the scope and course of his employment and agency.

## GENERAL ALLEGATIONS

5. On October 7, 2020 at approximately 4:40 p.m., Maverick owned and, by and through its agent Carpenter, operated a tractor-trailer southbound in the left-most lane of interstate I-57 near 181st Street in Country Club Hills, Cook County, Illinois

6. At said time and place Carpenter attempted to merge into an adjacent lane.

7. At said time and place, plaintiff was operating her vehicle southbound on interstate I-57 in the lane directly adjacent to Carpenter.

8. At said time and place the tractor-trailer operated by Carpenter struck the plaintiff's vehicle causing significant injury to the plaintiff.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over this matter pursuant to 28 U.S.C. 1332(a)(1), as there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00. Venue is proper pursuant to 28 U.S.C. 1391(b)(2), because the event giving rise to the claim, namely the collision, occurred within this district.

## COUNT I: KENDRICK CARPENTER

10. Plaintiff repeats and re-alleges paragraphs one (1) through nine (9) of this complaint as paragraphs one (1) through nine (9) of this Count I, with the same force and effect as through fully set forth herein.

11. At all relevant times Carpenter had a duty to exercise reasonable care and operate the tractor-trailer in a manner so as to not cause harm or injury to others.

12. Notwithstanding and in violation of said duty, at said time and place Carpenter was guilty of one or more of the following negligent acts and/or omissions:

    a. Merged or attempted to merge his tractor-trailer into an adjacent lane when it was not safe to do so;

    b. Merged or attempted to merge his tractor-trailer into an adjacent lane without first determining whether there were vehicles occupying the adjacent lane;

    c. Failed to keep a proper lookout for other vehicles on the roadway;

    d. Failed to signal or to properly signal his intention to change lanes;

    e. Failed to drive his tractor-trailer within a single lane or moved from such lane without first ascertaining that such a movement could be made safely in violation of 625 ILCS 5/11-709 (a);

    f. Was otherwise careless and negligent.

13. As a direct and proximate cause of one or more of the aforementioned acts and/or omissions, Carpenter caused his tractor-trailer to collide with plaintiff's vehicle, thereby causing plaintiff severe and permanent injuries both internally and externally of a permanent and lasting nature, including pain and suffering in the past and continuing into the future; disability and loss of a normal life in the past and continuing into the future; expenses for medical care in the past and continuing into the future; loss of wages and impairment to her earning capacity in the past and continuing into the future; and other injuries and damages.

WHEREFORE, plaintiff respectfully requests judgment be entered in her favor and against defendant Kendrick Carpenter in an amount that will fully and fairly compensate her for all of her legally recognized losses, an amount which exceeds $75,000.00, plus legally recoverable costs and interest.

**COUNT II: MAVERICK TRANSPORTATION, LLC (VICARIOUS LIABILITY)**

14. Plaintiff repeats and re-alleges paragraphs one (1) through thirteen (13) of this complaint as paragraphs one (1) through thirteen (13) of this Count II, with the same force and effect as through fully set forth herein.

15. At all times mentioned herein, Carpenter was acting as an agent and employee of Maverick, operating a tractor-trailer under the D.O.T number of Maverick, and was acting within the scope and course of such agency and employment.

16. Accordingly, defendant Maverick is vicariously liable for the negligent acts and omissions committed by Carpenter.

WHEREFORE, plaintiff respectfully requests judgment be entered in her favor and against defendant Maverick Transportation, LLC in an amount that will fully and fairly compensate her for all of her legally recognized losses, an amount which exceeds $75,000.00, plus legally recoverable costs and interest.

## **COUNT III: MAVERICK TRANSPORTATION (DIRECT LIABILITY)**

17. Plaintiff repeats and re-alleges paragraphs one (1) through thirteen (13) of this complaint as paragraphs one (1) through thirteen (13) of this Count II, with the same force and effect as through fully set forth herein.

18. At all relevant times it was the duty of defendant Maverick to operate as a reasonably careful trucking company, which includes the obligations to properly determine the qualification and competence of, hire, train, and supervise its drivers, safety officers, trainers, maintenance personnel and other employees, and to properly inspect, maintain and repair its trucks and related equipment.

19. Notwithstanding and in violation of said duty, Maverick was guilty of one or more of the following negligent acts and/or omissions:

    a. Failed to investigate and verify or to properly investigate and verify the qualifications and competence of Kendrick Carpenter prior to hiring him;

    b. Hired Kendrick Carpenter despite his lack of qualifications and competence;

      c. Failed to train or to properly train Kendrick Carpenter;

      d. Failed to supervise or to properly supervise Kendrick Carpenter;

      e. Failed to properly inspect, maintain and repair its tractor trailers, including the mirrors, signaling, steering and braking systems;

      f. Was otherwise careless and negligent.

20. As a direct and proximate cause of one or more or all of the aforementioned acts and/or omissions, the Maverick vehicle operated by Carpenter collided with plaintiff's vehicle, thereby causing plaintiff severe and permanent injuries both internally and externally of a permanent and lasting nature, including pain and suffering in the past and continuing into the future; disability and loss of a normal life in the past and continuing into the future; expenses for medical care in the past and continuing into the future; loss of wages and impairment to her earning capacity in the past and continuing into the future; and other injuries and damages.

## JURY DEMAND

Plaintiff demands a jury trial on all issues of fact and damages stated herein.

                              Velia Saucedo

                              By /s/Michael L. Teich
                                  Michael Teich

Michael Teich
Edith Llanes
Hetherington, Karpel, Bobber, Teich & Pippin, LLC
120 N. LaSalle Street, Suite 2810
Chicago, Illinois 60602
312-878-6680
mteich@hkblegal.com
ellanes@hkblegal.com